MEMORANDUM *
Moldex-Metric, Inc. appeals the district court’s grant of summary judgment in its trademark infringement action against McKeon Products, Inc. We review grants of summary judgment de novo. Surfvivor Media, Inc. v. Survivor Prods., 406 F.3d 625, 630 (9th Cir.2005). Having jurisdiction under 28 U.S.C. § 1291, we reverse and remand.
In Qualitex Co. v. Jacobson Products Co., 514 U.S. 159, 115 S.Ct. 1300, 131 L.Ed.2d 248 (1995), the Supreme Court addressed when a color could receive trademark protection (in that case, the green-gold color on dry cleaning press pads). The Court held that even if a color rendered some functionality for the product, the color could still receive trademark protection. Id. at 166, 115 S.Ct. 1300. A key inquiry under Qualitex is whether the color “is essential to the use or purpose of the article or if it affects the cost or quality of the article, that is, if exclusive use of the feature would put competitors at a significant non-reputation-related disadvantage.” Id. at 165, 115 S.Ct. 1300 (internal quotation marks omitted). The Court held that the green-gold color on the dry cleaning press pads could receive trademark protection despite some functionality, as other colors achieved the same goal of hiding stains. Id. at 166, 115 S.Ct. 1300.
By not addressing essentiality when analyzing the functionality of the ear plugs’ green color, the district court erred. The district court relied on the nonexclusive factors-described in Disc Golf Ass’n, Inc. v. Champion Discs, Inc., 158 F.3d 1002, 1006 (9th Cir.1998), understanding those factors to be dispositive. While the Disc Golf factors are “legitimate considerations,” Au-Tomotive Gold, Inc. v. Volks *568 wagen of Am., Inc., 457 F.3d 1062, 1072 n. 8 (9th Cir.2006), that “this circuit typically considers,” Talking Rain Beverage Co. v. S. Beach Beverage Co., 349 F.3d 601, 603 (9th Cir.2003), a court cannot rigidly apply these factors and ignore Qualitex’s focus on essentiality. We do not fault the district court for overlooking Qualitex, as our precedent is less than clear in this area.
Although we doubt summary judgment on functionality grounds would be appropriate in this case, we leave it to the district court to assess functionality in light of Qualitex in the first instance. See Entrepreneur Media, Inc. v. Smith, 279 F.3d 1135, 1140 (9th Cir.2002) (“Because of the intensely factual nature of trademark disputes, summary judgment is generally disfavored in the trademark arena.”) (internal quotation marks omitted). Each party shall bear its own costs on appeal.
VACATED, REVERSED, and REMANDED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.